Carol FORDEN, Plaintiff–Appellant,

v.

**BRISTOL MYERS SQUIBB,**
Defendant–Appellee.

**Docket No. 02–7780.**

United States Court of Appeals,
Second Circuit.

April 11, 2003.

Karen L. Kimball, Wynantskill, NY, for Appellant.

Jonathan B. Fellows, Bond, Schoeneck & King, Syracuse, NY, for Appellee.

PRESENT: MCLAUGHLIN, and B.D. PARKER, Circuit Judges, and GOLDBERG,[1] Judges.

### SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit,

---

1. The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

held at the United States Courthouse, Foley Square, in the City of New York, on the 11th day of April, two thousand and three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

After a trial in the United States District Court for the Northern District of New York (Mordue, J.), a jury rejected plaintiff-appellant Carol Forden's claims of sexual harassment and retaliation by defendant-appellee Bristol Myers Squibb ("BMS"). Forden appeals from (1) the pretrial denial of her motion to enforce a settlement agreement, (2) the district court's grant of summary judgment to BMS on Forden's claim under the Equal Pay Act, 29 U.S.C. §§ 203 et seq., and (3) various evidentiary rulings. Because we conclude that none of these claims have merit, we affirm.

Forden was employed by BMS for approximately seven years before resigning in 1998. Shortly thereafter, she sued, principally alleging that she was subjected to a hostile work environment on the basis of gender as a result of the conduct of two supervisors. She asserted claims of gender discrimination and retaliation under Title VII, 42 U.S.C. § 2000(e), and the New York Human Rights Law, N.Y. Exec. L. § 296, a claim under the Equal Pay Act, 29 U.S.C. §§ 203 et seq., and state law claims of defamation and negligent infliction of emotional harm. In October 2001, the district court granted BMS partial summary judgment, dismissing the Equal Pay Act and state law tort claims.

Forden claims that the district court erred in dismissing her Equal Pay Act claim, because she effectively rebutted BMS's explanations for pay differentials between men and women in the sales division where she had worked. Forden also asserts that the district court erred by finding that some pay differentials were attributable to seniority status. After a *prima facie* case is made under the Act, the burden shifts to the employer to demonstrate that wage disparities are due to a seniority system, a merit system, a system that measures earnings based upon quantity or quality of production, or other differentials based on any factor other than sex, provided it was implemented for a legitimate business reason. *See Belfi v. Prendergast,* 191 F.3d 129, 136 (2d Cir.1999); 29 U.S.C. § 206(d)(1). If the employer meets its burden of persuasion, plaintiff may counter "by producing evidence that the reasons the defendant seeks to advance are actually a pretext for sex discrimination." *Belfi,* 191 F.3d at 136.

The district court found that while Forden arguably made a *prima facie* case under the Equal Pay Act "by showing that during 1997 and 1998, when she was a National Account Manager, male National Account Managers earned higher salaries than females in the same position," BMS had carried its burden by demonstrating that the "salary differentials were due to a number of permissible factors including seniority, experience and performance." The court then found that Forden failed to produce probative rebuttal evidence sufficient to raise a material question of fact about BMS's explanations.

We review the district court's grant of summary judgment *de novo. See Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.,* 302 F.3d 83, 90 (2d Cir.2002). After a review of the record, we agree with the district court that Forden has failed to present rebuttal evidence sufficient to bring into question BMS's explanations for the pay differentials. Accordingly, the district court's grant of summary judgment on the Equal Pay Act claim was proper.

On May 6, 2002, the day the case was originally set for trial, the parties advised the court that they had reached a settlement. They then read the agreed-upon terms of the settlement into the record. Counsel for BMS informed the court that he would prepare a written settlement agreement consistent with the terms read into the record, which he would forward to Forden's counsel. Subsequent attempts to agree on terms of the written agreement failed, however, as Forden insisted that a general release of all claims against BMS was not part of the agreement. With the parties at an impasse on this issue, the court denied Forden's motion to enforce the oral agreement stated in court, concluding that since there, in fact, had been no agreement on a material term-i.e. the release-no enforceable settlement had been reached.

In denying Forden's motion to enforce the oral agreement, the district court examined the four factors we identified in *Ciaramella v. Reader's Digest Ass'n*, 131 F.3d 320 (2d Cir.1997), and concluded that the last three favored BMS. These factors-no one of which is dispositive-are whether: (1) there was an express reservation of the right not to be bound in the absence of a signed writing; (2) there has been partial performance of the contract; (3) all of the terms of the alleged contract have been agreed upon; and (4) the agreement at issue is the type of contract that is usually committed to writing. *Id.*, at 323 (citing *Winston v. Mediafare Entertainment Corp.*, 777 F.2d 78, 80–81 (2d Cir.1985)). We conclude that the district court correctly considered these factors and find no error in its conclusion that the parties had failed to agree on a material term of the contract and, consequently, that no binding settlement agreement existed.

Finally, Forden contends that the district court erred in ruling on certain motions in limine. The district court's evidentiary rulings are entitled to substantial deference and are reviewed only for a clear abuse of discretion. *Healey v. Chelsea Resources, Ltd.* 947 F.2d 611, 619–20 (2d Cir.1991). Moreover, even if a ruling was erroneous, reversal is not warranted unless affirmance would be inconsistent with substantial justice. *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir.1997). Applying this standard, we see no reason to disturb the district court's rulings.

We have considered all of Forden's remaining contentions and find them to lack merit.

The judgment of the District Court is AFFIRMED.